

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-27-2006

# In Re: Almahdi v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3908

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Almahdi v. Williamson" (2006). *2006 Decisions.* Paper 282.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/282

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-17                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-3908
_____

IN RE:  JAMALUD-DIN ALMAHDI,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. No. 05-cv-01381)

_____

Submitted Under Rule 21, Fed. R. App. Pro.
October 13, 2006

BEFORE:  SLOVITER, McKEE and FISHER, CIRCUIT JUDGES

(Filed: October 27, 2006)

_____

OPINION
_____

PER CURIAM

Jamalud-din Almahdi, a prisoner at the Federal Correctional Institution at

Allenwood in White Deer, Pennsylvania, petitions this Court for a writ of mandamus

ordering the United States District Court for the Middle District of Pennsylvania to

immediately consider a motion that he claims to have filed in July 2006.  For the reasons

stated below, we will deny Almahdi's mandamus petition.

In 2005, Almahdi filed a habeas corpus petition in the United States District Court for the Middle District of Pennsylvania challenging the validity of a regulation limiting the authority of the Federal Bureau of Prisons ("BOP") to release prisoners to transitional facilities such as community corrections centers ("CCCs").  Because the challenged regulation bars the BOP from transferring a prisoner to such a facility except "during the last ten percent of the prison sentence being served, not to exceed six months," 28 C.F.R. § 570.21, Almahdi alleged in his habeas petition that the rule denied him the opportunity to obtain a transfer to a CCC earlier than November 2006, six months before the projected termination of his sentence.  While Almahdi's habeas case was pending, this Court decided Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), which invalidated the BOP regulation on the grounds that it was not consistent with Congress' mandate that prison officials consider a broad range of statutory factors in determining the proper placement of federal prisoners.  See id. at 245-46 (citing 18 U.S.C. § 3621(b)). In spite of Woodall's tacit acceptance of some of the legal arguments raised in Almahdi's habeas petition, the District Court denied Almahdi relief because prison officials had not yet rendered a final decision as to his CCC placement and because the District Court trusted that the "BOP will follow [Woodall] . . . and consider all relevant factors in determining [Almahdi's] pre-release preparation date," In re Almahdi, No. 05-cv-01381, slip op. at 5 (M.D. Pa. Jan. 6, 2006).  The BOP thereafter informed Almahdi of its decision to transfer him to a CCC on November 7, 2006.  Almahdi now petitions this

2

Court for a writ of mandamus directing the Middle District of Pennsylvania to act upon a "letter motion" that he purportedly filed with the District Court in July 2006 requesting judicial review of the BOP's final decision.

We have original jurisdiction over a petition for a writ of mandamus that seeks "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Will v. United States, 389 U.S. 90, 95 (1967) (quoting Roche v. Evaporated Milk Assn., 319 U.S. 21, 26 (1943)).  A writ of mandamus is an extraordinary remedy that will issue only where there is no other remedy available to the petitioner and the petitioner's right to mandamus relief is clear and indisputable.  See In re Pressman-Gutman Co., Inc., 459 F.3d 383, 398-99 (3d Cir. 2006).  The letter that Almahdi claims he sent to the District Court, which he submitted along with his mandamus petition, contains an unsupported allegation that the BOP did not calculate his release date based on consideration of all relevant factors, as is required after our decision in Woodall.  However, Almahdi has provided no evidence that he filed the letter and our inquiries to the District Court have yielded no indication that he did so.  Therefore, the District Court can hardly be faulted for failing to act upon it, and issuance of a writ of mandamus is unwarranted under the circumstances.

For the foregoing reasons, we will deny Almahdi's petition.  Almahdi's motion to expedite the petition is denied.

3